## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| **HAYAT SINDI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 13-cv-10798-GAO** |
| | ) | |
| **SAMIA EL-MOSLIMANY and** | ) | |
| **ANN EL-MOSLIMANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### PLAINTIFF HAYAT SINDI'S MOTION FOR REMAND

Plaintiff Hayat Sindi ("Ms. Sindi") respectfully moves this Court to remand the above-captioned action to the Massachusetts Superior Court of Suffolk County because Defendants' Notice of Removal (the "Notice") is untimely; furthermore, even if this Court were to take as true Defendants' misrepresentations that Ms. Sindi has not affected service of process in this case, the Federal District Courts of Massachusetts do not permit removal where there has been no service.

### i.       FACTUAL AND PROCEDURAL BACKGROUND

Ms. Sindi filed the above-captioned lawsuit on January 25, 2013 in the Superior Court of Suffolk County, Massachusetts in order to halt Defendant Samia El-Moslimany's ("Ms. El-Moslimany") relentless campaign of defamation, libel, and slander and to recover for the damage that Defendants have done.  The Notice is simply the most recent variation of dilatory tactics undertaken by Defendants to avoid answering for their wrongdoing.

Ms. Sindi is a citizen of Saudi Arabia and the United Kingdom who resides in Boston, Massachusetts, where she pursues her work as one of the foremost Saudi bio-technology

scientists in the world.  Complaint ¶¶ 2, 7-8.  Her achievements are all the more remarkable

given the obstacles she has overcome in order to persevere as a Muslim woman in a scientific

career, and she has done so despite being born into very modest circumstances.  Complaint

¶¶ 61-62.  Ms. El-Moslimany is a United States citizen who resides in Washington State, and

she has tirelessly embarked on a campaign, which she calls "operation arabian [sic.]

EXPOSURE," to ruin Ms. Sindi's life after becoming obsessed with a non-existent relationship

between her husband Fouad Dehlawi and Ms. Sindi.  Complaint ¶ 20, 46.

        The Complaint sets forth claims of defamation, tortious interference with contract,

tortious interference with prospective business relations, and intentional infliction of emotional

distress due to the libel and slander repeatedly published against Ms. Sindi by Ms. El-

Moslimany, who has overtly expressed the malicious intent of destroying Ms. Sindi's

professional career, impugning her credentials, and even inciting others to "stone" her.

Complaint ¶ 50.

        With her mother, Ann El-Moslimany, Ms. El-Moslimany pursued Ms. Sindi in almost

every venue in which Ms. Sindi has appeared publically to speak and promote her work and her

business endeavors.  Id. ¶¶ 44-48, 52-55, 80.  Ms. El-Moslimany even pursued Ms. Sindi into her

own neighborhood in Boston, Massachusetts.  Id.  Among Ms. El-Moslimany's many pernicious

lies, she has repeatedly accused Ms. Sindi of plagiarizing her dissertation, misrepresenting

others' intellectual property as her own, falsifying her research, and engaging in other wholly

fictitious acts of fraud.  Id. ¶¶ 27, 39.   Ms. Sindi suffered direct and indirect harm after

Defendants' lies induced investors to withdraw financial support totaling $10,000,000 from her

entrepreneurial enterprises and from her scientific research.  Id. ¶¶ 70.  Ms. El-Moslimany has

intentionally and repeatedly directed her malicious defamatory publications into Massachusetts,

where Ms. Sindi currently resides and works as a Visiting Scholar of Harvard University.
Complaint ¶¶ 11, 49.

It is simply untrue that Ms. Sindi failed to properly serve process on Defendants.  As set
forth in the attached Affidavit of Michael Thad Allen in Support of Motion for Remand ("Allen
Aff."), Ms. Sindi, through counsel, served the Complaint and Jury Demand with 16 exhibits,
Summonses, and Civil Action Cover Sheet (the "Complaint Package") on Defendant Samia El-
Moslimany ("Ms. El-Moslimany") on January 25, 2013.  Id. ¶ 2.  Ms. Sindi's counsel affected
service pursuant to Mass. R. Civ. P. 4 in the following manner:  First, Ms. El-Moslimany
received a copy of the Complaint Package at her home address via certified mail, return receipt
requested, at 2655 SW 151st Place, Burien, Washington 98166-1638.  Id. ¶ 3.  Second, Ms. El-
Moslimany received the Complaint Package via UPS overnight mail to at the same address.  Id.
Allen Aff., Exhibit A.  Third, Ms. El-Moslimany received pdf copies of the complete Complaint
Package, including Summonses, via her e-mail address at samiaelmo@yahoo.com. Allen Aff.,
Exhibit A.  On information and belief, Defendant Ann El-Moslimany now lives with Samia El-
Moslimany and received the Summons and Complaint with the Complaint Package; however,
although Ms. Sindi's counsel of record submitted an Affidavit of Proof of Service to the Superior
Court regarding Samia El-Moslimany on February 20, 2013; Ms. Sindi's counsel did not address
the effective service on Ann El-Moslimany.  Id. ¶¶ 3, 7, and Exhibit E.

The fact that Ms. El-Moslimany received a copy of the Complaint is beyond dispute.  As
set forth in the Affidavit of Proof of Service filed on February 20, 2013 (id.), Ms. El-Moslimany
published the fact that she received the Complaint Package by posting a copy of the Civil Action
Cover Sheet on her Facebook website page on or around January 27, 2013.  Id. ¶ 4 and Exhibit
B.  She further acknowledged acceptance of service through another Facebook posting, stating

"Fouad's soon to be second wife sues me" (Id. ¶ 5 and <u>Exhibit C</u>); and Ms. El-Moslimany continues to acknowledge the receipt of the Complaint on this same Facebook website at the time of this filing.  <u>Id</u>. ¶ 6 and <u>Exhibit D</u>.

Subsequent to service of process, Defendants contacted Massachusetts counsel to provide a legal defense, and on March 14, 2013, George White, Esq. ("Mr. White") of Morrison Mahoney, LLP contacted Ms. Sindi's counsel of record and stated that he represented Defendants.  Allen Aff. ¶ 8 and <u>Exhibit F</u>.  Mr. White then requested two extensions of time, first up to and including March 20, 2013; then, as that deadline loomed without any response (on March 19, 2013), he again requested "an additional extension of the deadline for the Defendants to answer or otherwise respond to the Plaintiff's Complaint up to and including March 27, 2013." <u>Id</u>.  On the same day, March 19, 2013, when the deadline for removal had already passed by 20 days, Mr. White submitted a Notice of Motion to Dismiss the Plaintiffs Complaint under Superior Court Rule 9E, announcing Defendants' intention to file a Rule 12(b) motion "on or before March 27, 3013 [sic.]."  Allen Aff., ¶ 9 and <u>Exhibit G</u>.  Other than to serve and file this Rule 9E notice, neither Mr. White nor any other counsel of Morrison Mahoney, LLP ever formally appeared in the state-court case.

March 27, 2013 passed, and Defendants still made no response or answer.  Mr. White then informed Ms. Sindi's counsel of record on April 1, 2013 that Defendants would make none. <u>Id</u>. ¶ 10.  Ms. Sindi therefore filed a Motion for Declaration of Effective Service and Order of Default on April 5, 2013.  Allen Aff. ¶ 11 and <u>Exhibit H</u>.  Finally, on April 8, 2013, despite the fact that 72 days had elapsed since Ms. El-Moslimany gave written, public acknowledgement that she had received the Complaint Package, Mr. White submitted the Notice.

The Notice misrepresents, in relevant part, that Defendants received neither the Summons nor the Complaint. The Notice is, in fact, self-contradictory: It states that "Defendant Samia El-Moslimany has not yet been was [sic.] served with the Summons and Complaint." Notice ¶¶ 2-3. Among other grounds for removal, the Notice invokes 28 U.S.C. § 1331, without, however, identifying any Federal question. Id. at 1. Defendants' only legal ground for removal is Defendants' claim of complete diversity pursuant to 28 U.S.C. § 1332, under which Defendants claim the right to remove according to the procedures of 28 U.S.C. § 1446(b). In support, the Notice again contradicts itself and misrepresents that "this Notice of Removal is timely filed within 30 days of first service on Defendants of the Plaintiff's Complaint" – which the Notice notably denies that Plaintiff served. Id. ¶¶ 2-3, 11.

## ii.  ARGUMENT

### I.  GENERAL STANDARDS FOR REMANDING TO MASSACHUSETTS STATE COURT

Defendants' attempt to remove this case must fail for three reasons. First, Defendants cannot carry their burden to show that Ms. Sindi failed to properly serve Defendants, where Ms. El-Moslimany herself openly published acknowledgment of this fact. Second, the Notice is woefully untimely, fully 72 days after effective service. Finally, even if it were somehow the case that Defendants have not been served, as the Notice avers, removal must likewise fail because the Federal District Court of Massachusetts does not permit removal before service.

Defendants seeking removal bear the burden of demonstrating that the Federal Court may assert jurisdiction. See e.g. Danca v. Private Health Care Sys., Inc., 185 F.3d 1 (1st. Cir. 1999). Regardless of the merits of a defendant's case for removal, however, the deadline expires after thirty days have passed from effective service—meaning thirty days from the time that Defendants receive a copy of the Complaint and Summons as authorized by state law. Murphy

Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 , 347-348, 350 (1999), quoting
28 U.S.C. § 1446(b).

## II.   MS. SINDI EFFECTIVELY SERVED PROCESS

Where a "case [is] originally filed in Massachusetts, Massachusetts law governs the issue
regarding validity of service and process." See Frankston v. Denniston, 376 F. Supp. 2d 35, 39
(D. Mass. 2005).  Massachusetts' "Long-Arm" Statute, G.L. c. 223A, and Mass. R. Civ. P. 4(e-f)
authorize service of process on a resident of a foreign state by registered U.S. mail or by mail
with return receipt requested or other methods found to be acceptable to the Court.  G.L. c.
223A, § 6; Mass. R. Civ. P. 4(c), Reporters Notes ("Rule 4(c) makes clear that whenever a
statute like  … G.L. c.  223A … authorizes service by certified or registered mail, it is not
necessary to enlist the aid of a process server to do the mailing").  "Failure to make proof of
service does not affect the validity of the service."  Mass. R. Civ. P. 4(f).

"Proof of service outside this commonwealth may be made by affidavit of the individual
who made the service or in the manner prescribed by the law of this commonwealth … When
service is made by mail, proof of service shall include a receipt signed by the addressee ***or other
evidence of personal delivery to the addressee satisfactory to the court***" (emph. added).  G.L. c.
223A, § 6(b).  See also, Wood v. Wood, 369 Mass. 665, 672, 342 N.E.2d 712, 717 (1976)
(service outside the Commonwealth for an action in tort arising out of acts committed within the
Commonwealth is satisfied by certified mail under G.L. c. 223A); Kalker v. Binder, 2010 Mass.
App. Div. 23 (Dist. Ct. 2010) ("… the Massachusetts statute [G.L. c. 223A] and [Mass. R. Civ.
P.] 4 clearly do not limit proof of service by mail only to a signed return receipt or
acknowledgment. … where there is no signed return receipt, but there is evidence of personal
delivery that is satisfactory to the trial court judge, a default and default judgment may be
properly entered").

Service will be effective even where the Defendant tries to evade service by avoiding the return of the traditional "green card" of the certified mail system or where other minor defects do not conform to traditional methods of service.  Courts of the First Circuit have recognized effective service of process on foreign Defendants by means of Federal Express (see SignalQuest, Inc. v. Tien-Ming Chou, 284 F.R.D. 45, 50 (D.N.H. 2012)) as well as process served on co-Defendants who each received a summons and complaint erroneously addressed to the other.  See Frankston v. Denniston, supra, 376 F. Supp. 2d at 39-40.  "Massachusetts courts generally will not dismiss a complaint based on procedural technicalities in the process used unless 'material prejudice' to 'the substantial rights of the party against whom process is issued' would otherwise result."  Id. at 39, citing Jones v. Ella J. Fay Baker House, Inc., 2004 WL 856586, *2 (Mass.Super. Mar. 31, 2004).  "This treatment of 'procedural technicalities' in process is like that of the First Circuit."  Id. citing Libertad v. Welch, 53 F.3d 428, 440 (1st Cir.1995) ("When an alleged defect in service is due to a minor, technical error, only actual prejudice to the defendant or evidence of a flagrant disregard of the requirements of the rules justifies dismissal.").  See also Erickson v. Niles Co., Inc., 123 F.R.D. 2, 3 (D. Mass. 1988) ("cases hold that failure to comply with the requirements of Fed.R.Civ.P. 4(c)(2)(C)(ii) does not vitiate service where the defendant concedes that it received the complaint and summons").

Ms. Sindi's counsel properly served the Complaint and Summons on Defendants, who have not claimed and cannot now aver that any prejudice arises out of the effective service of process.  As of January 25, 2013, Ms. Sindi's counsel of record caused the Complaint Package to be delivered to Defendant Ms. El-Moslimany by certified mail, return receipt requested, UPS overnight delivery, and e-mail.  Allen Aff. ¶¶ 2-5, and Exhibits A - D.  Ms. El-Moslimany

indicated immediately thereafter that she had received proper notice of the lawsuit filed against her.

On January 27, 2013, Ms. El-Moslimany posted to her Facebook Page the Civil Action Cover Sheet from the Superior Court of Suffolk County, which Ms. Sindi's counsel included in every Complaint Package sent to Defendants.  Id., Exhibit B.  A certain Ahmed Alaa Darwish commented on Ms. El-Moslimany's publication of the Civil Action Cover Sheet on that same day at 3:03 A.M.  Id.  This posting clearly showed "Samia El-Moslimany … January 27."  Id. Before this, on January 25, 2013, Ms. El-Moslimany also published the statement to Facebook: "Fouad's soon to be second wife sues me."  Allen Aff., Exhibit C.  The date on Facebook shown at top is 2013, and comments, apparently from Ms. El-Moslimany's friends, appeared as early as January 25, 2013 as indicated by, among others, a certain John D. Relyea, who posted a comment at 4:43 P.M. of that day.   Id.  This announcement of the above-captioned litigation could still be viewed on Ms. El-Moslimany's Facebook page at the time of this filing.  Id., Exhibit D.

Although Ms. Sindi's counsel of record never received the return of a certified mail "green card," the above published statements unmistakably indicate that Ms. El-Moslimany gave public, written acknowledgement of receipt of the Complaint Package.  Attorney Michael Thad Allen submitted an Affidavit of Proof of Service documenting Ms. El-Moslimany's acknowledgement of service with the Suffolk Superior Court on February 20, 2013.  Allen Aff. ¶ 7.  Upon knowledge and belief, Ann El-Moslimany lives with her daughter and also received the Summons and Complaint.  Id. ¶ 4.

Ms. Sindi has therefore properly served process on Defendants no later than January 27, 2013 pursuant to the requirements of Mass. R. Civ. P. 4, and this Court should remand.

### III.   THE NOTICE OF REMOVAL IS MORE THAN ONE MONTH TOO LATE

As indicated above, Ms. El-Moslimany has only now submitted the Notice, more than two months after effective service of process and at least ***42 days*** after the deadline set by 28 U.S.C. § 1446(b)(1).[1]  As set forth in the Affidavit of Proof of Service, Ms. Sindi affected service by sending both the Summons and Complaint, along with a Massachusetts Civil Action Cover Sheet, to Defendants by e-mail, certified mail (return receipt requested), and UPS overnight delivery.  Allen Aff., Exhibit E.  Immediately thereafter, Ms. El-Moslimany unambiguously acknowledged publically and in writing on her Facebook webpage that she had received service of process, in any event no later than January 27, 2013.  Id., Exhibits A – D.  On information and belief, Ann El-Moslimany currently lives with her daughter, Defendant Samia El-Moslimany, and received service at the same time.  Allen Aff. ¶ 4.  The pertinent facts concerning service on Ms. El-Moslimany are attested in the Affidavit of Proof of Service as well as in Ms. Sindi's Motion for Declaration of Effective Service and Order of Default of April 5, 2013, which included copies of the website postings in question.  Id., Exhibit E and H.  Although the Affidavit of Proof of Service did not address the proper service of process on Ann El-Moslimany, "[f]ailure to make proof of service does not affect the validity of the service."  Mass. R. Civ. P. 4(f).  It cannot be seriously questioned that Defendants' counsel was well aware of these facts when he submitted the Notice on April 8, 2013, fully 72 days after receipt of the Summons and Complaint.  See e.g. Allen Aff. ¶ 11, Exhibit H.

---

[1] "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Not only is the Notice untimely; the statement in the Notice that it is "timely" knowingly misrepresents the facts.  This case should be remanded and the Court should impose sanctions as argued in Section V below.

## IV.   THERE CAN BE NO REMOVAL EVEN IF DEFENDANTS WERE NOT SERVED

Section 1446(b) of the United States Code, which governs removal, provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days ***after the receipt by the defendant, through service or otherwise***, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" (emph. added).  28 U.S.C. § 1446(b).  In the Federal Courts of Massachusetts this means that "section 1441(b), by its plain language, does not permit removal of [a] non-federal question case before any defendant has actually been served."  Howard v. Genentech, Inc., 2013 WL 680200, *2 (D. Mass. Feb. 21, 2013).  See also Lafayette City-Parish Consol. Gov't v. Chain Elec. Co., 2011 WL 4499589, *3-*4 (W.D. La. Sept. 23, 2011) ("only information this Court has is that service had not been effectuated at the time Defendants filed their notice of removal.  With this evidence, alone, this Court concludes that removal … was improper").

Defendants cannot carry their burden to demonstrate that Ms. Sindi did not serve process on both of them; however, even if all misstatements in the Notice were taken as true and neither Defendant had received service, this Court should still remand.  Compare Notice ¶¶ 2-3.  Defendants' perfunctory statement, without authority, that "[t]here is no prohibition on filing a Notice of Removal before service of process has been made" is contrary to the law of this Court.  The Notice should be rejected and this case remanded to the Suffolk Superior Court.

## V.   THE COURT SHOULD IMPOSE SANCTIONS

Defendants are currently wasting the judicial resources of both the State and Federal court system and should be sanctioned by the assessment of Plaintiff's fees and costs.  Where, as

here, a party premises its attempt to remove on knowing misstatements belied by filed affidavits as well as a Defendant's own published statements in public forums such as Facebook; and where, as here, Defendants transparently attempt to delay the entry of default caused by their own counsel's inactivity, the Court may levy sanctions.

Sanctions are appropriate against any party who seeks removal on spurious or frivolous grounds. As the United States Supreme Court has said:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). An award of fees and costs is proper where the removing party "lacked an objectively reasonable basis for seeking removal." Id. at 141; see also Clerk v. Emerald Mktg., 2010 U.S. Dist. LEXIS 54555, *8-*9 (E.D. Pa. June 2, 2010).

Here Ms. El-Moslimany's counsel has known about her public statements indicating receipt of process as repeatedly indicated in the state court filings. See e.g. Allen Aff, Exhibits E and H. Indeed, Defendants contacted Massachusetts counsel, who twice asked for extensions of time to answer or otherwise respond to the Complaint, and even filed a Super Court Rule 9E notice announcing an impending motion to dismiss. Id. ¶¶ 8-10. Then Defendants' counsel did nothing. Id. Finally, only when faced with consequences of this dilatory course of action by the risk of default under Mass. R. Civ. P. 55(b), did Defendants seek removal. Id. ¶ 11. By then, ***over 72 days had passed since service***. The Notice misrepresents that Defendants have "not yet been was served [sic.] with the Summons and Complaint" and misrepresents that the Notice was

"timely filed within 30 days of first service on Defendants of the Plaintiff's Complaint."  Notice ¶¶ 2 and 11.

Ms. Sindi's counsel sent each copy of the Complaint to Defendants accompanied by Summons and Civil Action Cover Sheet.  To ensure effective service, Ms. Sindi's counsel used three means: e-mail, certified mail, and UPS overnight delivery.  Allen Aff. ¶ 3.  Nevertheless, Defendants now attempt to have it both ways:  In order to evade the requirement that service must be made before removal, Defendants wish to acknowledge receipt of the Summons and Complaint (as Defendant Ms. El-Moslimany herself did by publishing the Massachusetts Civil Action Cover Sheet on Facebook no later than January 27, 2013--as her counsel well knows); but, on the other hand, to evade the 30-day time limit, they wish to insist that no process was ever served.  Compare Notice ¶¶ 2-3 and 11.  Under either scenario, however, the Notice is defective and premised on knowing misstatements to the Court, which should assess Plaintiffs' fees and costs on this motion against Defendants.

### iii.   <u>CONCLUSION</u>

For the foregoing reasons, this Court should ***grant*** the Motion for Remand of Plaintiff Hayat Sindi and sanction Defendants Samia El-Moslimany, Ann El-Moslimany, and their counsel of record for knowingly misrepresenting the posture and facts of the case to this Court.

HAYAT SINDI

By her attorneys,

 /s/  Michael Thad Allen
David H. Rich, (BBO#634275)
drich@toddweld.com
Michael Thad Allen (BBO#679795)
mallen@toddweld.com
Todd & Weld LLP
28 State Street
Boston, MA  02109
Dated:  April 11, 2013          (617) 720-2626

**CERTIFICATE OF SERVICE**

I, Michael Thad Allen, hereby certify that this document has been filed through the ECF system, will be sent electronically to the registered participants as identified on the notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

/s/  Michael Thad Allen

Dated:  April 11, 2013