UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10798-GAO

HAYAT SINDI,
Plaintiff,

v.

SAMIA EL-MOSLIMANY and ANN EL-MOSLIMANY,
Defendants.

OPINION AND ORDER
March 26, 2014

O'TOOLE, D.J.

This action arises from a personal dispute between the plaintiff, Hayat Sindi, and the defendants, Samia El-Moslimany and Ann El-Moslimany. The complaint, originally filed in state court, asserts claims of defamation, tortious interference with contractual relationships, tortious interference with prospective business relations, and intentional infliction of emotional distress. The defendants removed the case here, claiming federal jurisdiction on the basis of diversity of citizenship. The plaintiff contends that the defendants' notice of removal was untimely and now moves to remand this action to state court.

To timely remove a civil action to federal district court, a defendant must file a notice of removal within thirty days after being served with the complaint. 28 U.S.C. § 1446(b)(1). The plaintiff claims to have served defendant Samia El-Moslimany with the complaint, civil action cover sheet, and summonses ("Complaint Package") by USPS certified mail and UPS overnight mail delivered to her residence in Burien, Washington, on January 25, 2013. The plaintiff asserts that on information and belief, defendant Ann El-Moslimany lives at the Burien residence with

her daughter, Samia.[1] The plaintiff also claims to have sent the Complaint Package to Samia El-Moslimany via email. The defendants filed their notice of removal on April 8, 2013, 72 days after the alleged date of service, well beyond the permitted time. The defendants contend that their notice of removal was timely filed nonetheless because the plaintiff's service was invalid, as (1) the plaintiff did not file a USPS return receipt for the complaint package sent to Samia El-Moslimany, and (2) the USPS package sent to Ann El-Moslimany was returned as undeliverable. The defendants assert that Ann El-Moslimany does not reside at the Seattle address where the Complaint Package addressed to her was sent and has not resided there for the past twenty-seven years. (Aff. of Samia El-Moslimany at ¶ 3 (dkt. no. 8).)

In determining the validity of service in state court prior to removal, the law of the state under which service was effected must be applied. See In re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 98, 108 (D. Mass. 2006); Frankston v. Denniston, 376 F. Supp. 2d 35, 39 (D. Mass. 2005). Massachusetts Rule of Civil Procedure 4(e) authorizes service by "any form of mail addressed to the person to be served and requiring a signed receipt." Proof of service requires a receipt signed by the addressee or such other evidence of personal delivery. Failure to make proof of service, however, "does not affect the validity of the service." Mass. R. Civ. P. 4(f).

Service was effective as to defendant Samia El-Moslimany. The plaintiff employed both USPS certified mail and UPS overnight mail. Although Samia El-Moslimany now claims that she currently resides in Saudi Arabia and maintains a home in Washington, she does not dispute

---

[1] In his Affidavit of Proof of Service filed in state court, the plaintiff's attorney Michael Allen stated that he sent the Complaint Package to Samia El-Moslimany at her address in Burien, Washington, and separately to Ann El-Moslimany at her address in Seattle, Washington, via UPS overnight mail and by USPS certified mail. He asserts that the Complaint Package sent via certified mail to Ann El-Moslimany in Seattle, Washington, was returned as undeliverable. (Mot. to Remand, Ex. 1 at 19-20 (dkt. no. 4-1).)

that the Burien address to which the Complaint Package was sent was an appropriate place for her to receive service. The plaintiff also sent a copy of the complaint and summons to Samia El-Moslimany by email. In fact, on January 27, 2013, two days after service, Samia El-Moslimany posted an image of the civil action cover sheet on the Internet. She also acknowledged in an email sent no later than February 26, 2013, that she had received an email from plaintiff's counsel informing her of the lawsuit. Under Massachusetts law, valid service was effected as to defendant Samia El-Moslimany as of January 25, 2013, and under 28 U.S.C. § 1446(b)(1) her notice of removal should have been filed within 30 days of that date.

As to defendant Ann El-Moslimany, it is unclear whether she ever was properly served. The plaintiff claims that the two defendants reside together at the residence in Burien, but even if that were true, the packages sent to that location were addressed only to Samia El-Moslimany. I conclude that the plaintiff has not carried her burden of showing effective service as to Ann El-Moslimany.

The plaintiff argues that a defendant who has not been formally served cannot file a notice of removal, since the 30-day time period starts running only after proper service. But service is not a necessary prerequisite to removal, especially where another defendant has already been served. See Sutler v. Redland Ins. Co., 2012 WL 5240124, at *2 (D. Mass. 2012) ("Numerous federal courts have held that formal service is not required before a defendant can remove a case.") (collecting cases).

I conclude that under the circumstances, Ann El-Moslimany's notice of removal was timely filed. The remaining question is whether Samia El-Moslimany could, after her 30-day removal period had expired, consent to her co-defendant's later notice of removal. I agree with the courts who have taken the "last-served defendant" approach, which allows the first-served

defendant to consent to removal during the thirty-day period applicable to the later-served defendant's filing of the notice of removal, even after the expiration of the 30-day period applicable to the first-served defendant. See, e.g., BCCTC Assocs., Inc. v. Summerdale/AAHFI, L.P., 656 F. Supp. 2d 208, 214 (D. Mass. 2009).

There lies an additional hurdle for the defendants, however. After the defendants filed their notice of removal here but before they filed notice in state court, the state court entered a default against both defendants for failure to serve a responsive pleading or otherwise defend during the applicable time period. The defendants now move this Court to set aside the default. Under First Circuit law, "the jurisdiction of the federal court attaches as soon as the petition for removal is filed with it, and . . . both state and federal courts have jurisdiction until the process of removal is completed." Berberian v. Gibney, 514 F.2d 790, 792-93 (1st Cir. 1975). Because this Court and the state court had concurrent jurisdiction, "the default was effective, but did not defeat the jurisdiction of the federal court which had already attached. The effect of the default was the same as if it had been entered by [this] court upon failure of [the defendants] to answer a complaint originally filed there." Id. at 792 (citing Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir. 1963); Munsey v. Testworth Labs., Inc., 227 F.2d 902, 903 (6th Cir. 1955)). Accordingly, the state default is to be treated as if it were entered by this Court.

Federal Rule of Civil Procedure 55(c) provides, in relevant part: "The court may set aside an entry of default for good cause." When determining whether good cause exists, courts may consider any number of factors, including whether the default was willful, whether setting it aside will prejudice the non-movant, the defendant's explanation for the default, and the good faith of the parties. Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010).

There is good cause to set aside the default as to Ann El-Moslimany. The default was entered as to both defendants, although the plaintiff requested only that default be entered as to Samia El-Moslimany. The plaintiff made no mention of Ann El-Moslimany in her request for an entry of default. For that reason alone, the default as to Ann El-Moslimany should be set aside. Further, given this Court's ruling that Ann El-Moslimany was not properly served, her obligation to file a responsive pleading had not yet materialized when the default was entered.

There is also good cause to set aside the default as to Samia El-Moslimany. The plaintiff's first request for entry of default was filed in state court on March 6, 2013, which was denied on March 25, 2013, because of "insufficient proof of service." (Aff. of Att'y White, Ex. 6 at 2 (dkt. no. 18-6).) Attorney White avers that he relied on the state court's determination that proper service of process had not been made, relieving the defendants from any obligation to file a responsive pleading. The plaintiff disputes this characterization of the events, but after hearing argument on the matter, the Court is satisfied that the defendants have shown good cause to set aside the entry of default.

For the reasons stated herein, Plaintiff's Motion to Remand (dkt. no. 4) is DENIED, and the Defendants' Motion to Set Aside the Default (dkt. no. 17) is GRANTED. The defendants must file a responsive pleading within 21 days after the entry of this Order.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge