UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HAYAT SINDI,                          *
                                      *
       Plaintiff,                     *
                                      *
v.                                    *   Civil Action No. 13-cv-10798-IT
                                      *
SAMIA EL-MOSLIMANY and ANN            *
EL-MOSLIMANY,                         *
                                      *
       Defendants.                    *

ORDER

December 29, 2014

TALWANI, D.J.

I.     Introduction

This matter is before the court on Plaintiff Hayat Sindi's Motion to Vacate Dismissal Without Prejudice and for a Finding of Effective Service on Ann El-Moslimany or, in the Alternative, for an Extension of Time to Serve Ann El-Moslimany [#72]. The motion is ALLOWED IN PART and DENIED IN PART. The dismissal without prejudice is hereby VACATED. Plaintiff shall serve the defendant Ann El-Moslimany in accordance with Federal Rule of Civil Procedure 4 by no later than January 29, 2015.

II.    Analysis

Pursuant to Federal Rule of Civil Procedure 4(m), in the event that proper service of process has not been made within 120 days after the complaint is filed, the court must extend the time for service of process if there is good cause shown for the delay. No good cause has been shown in the instant case. Nevertheless, even absent a showing of good cause, the court has the discretion to extend the time period for service. See United States v. Tobins, 483 F. Supp. 2d 68,

77 (D. Mass. 2007) (citing In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001)).  In determining whether to exercise its discretion, the court may consider "a number of factors, including whether: (a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer . . . prejudice; and (c) plaintiff would be severely prejudiced if [her] complaint were dismissed."  Riverdale Mills Corp. v. U.S. Dep't of Transp. Fed. Aviation Admin., 225 F.R.D. 393, 395 (D. Mass. 2005) (quoting In re Sheehan, 253 F.3d at 512).  Here, consideration of these factors compels the conclusion that the dismissal should be vacated and the plaintiff given additional time to effectuate service.

The evidence is clear that Ann El-Moslimany has had actual notice of this litigation since on or about January 25, 2013, and that she has actively participated in the defense of this litigation since its beginning.  Moreover, there is now evidence before this court that the defendants affirmatively attempted to evade service of process.  There is also evidence through Samia El-Moslimany's recent deposition testimony that Ann El-Moslimany's permanent residence is at a specific address in Burien, Washington, and not in Saudi Arabia.  Thus, there is no possibility of prejudice to Ann El-Moslimany if the time for service is extended, and there is no reason that service cannot be effectuated in a timely manner.

The court further finds that the plaintiff would be prejudiced if she is not allowed to proceed against Ann El-Moslimany given the actions allegedly undertaken by defendants jointly.  "[D]ismissal would only cause fragmented and inefficient litigation," which would benefit no one.  See Boada v. Autoridad de Carreteras y Transportacion, 680 F. Supp. 2d 382, 385 (D.P.R. 2010).  Under such circumstances, justice requires that the dismissal against Ann El-Moslimany be vacated, and Plaintiff be given a limited amount of additional time to effectuate service.

Accordingly, it is hereby ordered that Plaintiff shall serve defendant Ann El-Moslimany in accordance with Federal Rule of Civil Procedure 4 by no later than January 29, 2015.

IT IS SO ORDERED.

December 29, 2014 /s/ Indira Talwani  
United States District Judge