UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HAYAT SINDI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-10798-IT |
| | * | |
| SAMIA EL-MOSLIMANY and ANN EL-MOSLIMANY, | * | |
| | * | |
| | * | |
| Defendants. | * | |

ORDER

May 26, 2016

TALWANI, D.J.

Before the court is Defendants' Counsel's <u>Emergency Motion to Withdraw as Counsel of Record for Defendants, Samia El-Moslimany and Ann El-Moslimany</u> [#142]. Defendants oppose their Counsel's motion. <u>See</u> Resp. & Opp'n Mot. Withdraw [#145]. Plaintiff does not oppose the motion, but opposes a continuance of the July 11, 2016 trial date. <u>See</u> Pl.'s Resp. Defs.' Counsel's Mot. Withdraw [#144]. That date was jointly agreed upon by the parties on April 22, 2016, and adopted by the court thereafter. <u>See</u> Joint Statement Regarding Trial Dates & Pretrial Dates [#139]; Third Amended Procedural Order [#141].[1]

Where a trial date has been set, the Local Rules of the District of Massachusetts require leave of court, with good cause shown, for withdrawal of an appearance. L.R. 83.5.2(c)(1)(B) & (c)(2). As Counsel recognizes, "In considering a motion to withdraw, a court may consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause the litigants; (3) the delay in the resolution of the case which would result from withdrawal; and (4) the effect of

---

[1] The court had vacated a prior trial date because of its own schedule. Order [#136].

withdrawal in the efficient administration of justice." Reply Resp. & Opp'n Mot. Withdraw at 1 [#146] (quoting Hayes v. CRGE Foxborough, LLC, No. 13-12014-DJC, 2013 WL 10777847, at *2 (D. Mass. Aug. 21, 2013)).  Here, there can be little dispute that the last three factors counsel against permitting withdrawal, as withdrawal is likely to prejudice the litigants, delay the resolution of the case, and negatively impact the efficient administration of justice.  Substitution of counsel would require new counsel to get up to speed on this three year old case, likely causing delay and additional costs.  The question that remains is whether the reasons why withdrawal is sought would nonetheless justify withdrawal.

Counsel seeks leave to withdraw on the grounds that State Farm Fire and Casualty Company ("State Farm") retained them to represent Defendants in this action, State Farm has been found to owe no duty to defend Defendants in this action, State Farm's retention of Counsel ended on May 23, 2016, and State Farm is no longer paying for the defense.  Emergency Mot. Withdraw ¶¶ 2-7 [#142].  Counsel assert further that denial of the motion "could result in an unreasonable financial burden on counsel."  Id. ¶ 12.

Defendants argue that they, not State Farm, are the clients here, and in their reply, Counsel concede this point.  Reply Resp. & Opp'n Mot. Withdraw at 2 [#146].  Indeed, State Farms' April 2013 reservation of rights letter to Defendants expressly notes that Counsel represents Defendants and that Defendants, "not State Farm, are [Counsel's] client."  Aff. Mark R. Segalini & George R. White Supp. Emergency Mot. Withdraw, Ex. 3 [#142-4].

Counsel assert that withdrawal is nonetheless appropriate because Defendants had notice of the potential need to retain counsel at their own expense since State Farm filed its declaratory judgment action, Counsel have requested a retainer of $50,000, which Counsel contend is reasonable in light of the work needed to prepare for trial, and Counsel's law firm, Morrison

Mahoney LLP has incurred significant unpaid bills in other cases.  Defendants respond first that this amount "far exceeds what the defense reasonably would be expected to cost" and that $30,000 "would appear to be enough to pay for the remaining tasks. . . ."  Resp. & Opp'n Mot. Withdraw at 2 [#145].  The court gives no weight to this opinion, and finds to the contrary that the cost of preparing for and litigating this case through trial could well cost $50,000 or more.

Defendants respond further that they are prepared to pay Defendants' Counsel $30,000 as a retainer immediately and that if this amount is not sufficient, they "will enter into an arrangement to pay [Counsel] a regular amount of [money], paid directly through [their] credit card if necessary."  Id.

The Local Rules of the District of Massachusetts adopt the Massachusetts Rules of Professional Conduct as set forth as Rule 3:07 of the Massachusetts Supreme Judicial Court. L.R. 83.6.1(a).  Massachusetts Rule of Professional Conduct 1.16(b)(6) provides that, with permission from a tribunal where required, counsel may withdraw when continued representation would result in an "unreasonable financial burden" on him or her.  Here, where Defendants have agreed to pay pretrial and trial costs, including a retainer of $30,000, and have agreed to enter into an agreement to pay additional amounts on a monthly basis thereafter, Counsel have not demonstrated an unreasonable financial burden.  Accordingly, withdrawal is not appropriate under the Rules of Professional Conduct, and Counsel has not shown good cause to withdraw under Local Rule 83.5.2(c)(2).

Counsel's motion to withdraw is DENIED.

IT IS SO ORDERED.

May 26, 2016                                                                 /s/ Indira Talwani
                                                                             United States District Judge