UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HAYAT SINDI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-10798-IT |
| | * | |
| SAMIA EL-MOSLIMANY and ANN EL-MOSLIMANY, | * | |
| | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

August 18, 2016

TALWANI, D.J.

Before the court is Plaintiff's Motion for Permanent Injunction [#202]. This memorandum addresses Defendants' objections to the court's authority to issue a permanent injunction.

Defendants argue that an injunction in this case would be an unconstitutional prior restraint. A prior restraint—a "government regulation that limits or conditions in advance the exercise of protected First Amendment activity," which can include "a judicial injunction that prohibits speech prior to a determination that the speech is unprotected"—bears a "heavy presumption against its constitutional validity." Auburn Police Union v. Carpenter, 8 F.3d 886, 903 (1st Cir. 1993) (internal quotation marks and citations omitted). However, an "injunction that is narrowly tailored, based on a continuing course of repetitive speech, and granted only after a final adjudication on the merits that the speech is unprotected does not constitute an unlawful prior restraint." Id.; see also McCarthy v. Fuller, 810 F.3d 456, 462 (7th Cir. 2015) (stating that, although the Supreme Court "has not yet addressed the issue," "[m]ost courts would

agree . . . that defamatory statements can be enjoined . . . provided that the injunction is no 'broader than necessary to provide relief to plaintiff while minimizing the restriction of expression.'" (quoting Balboa v. Island Vill. Inn, Inc. v. Lemen, 156 P.3d 339, 352 (Cal. 2007)).[1]

Here, a jury found Defendants Samia El-Moslimany and Ann El-Moslimany liable to Plaintiff Hayat Sindi for defamation—finding that they published at least one false statement about Plaintiff with knowledge of or reckless disregard for its falsity. The jury did not, however, identify *which* statements were defamatory. Defendants argue that this court is therefore precluded from issuing any injunction.

It is unremarkable for a court to make its own factual findings in issuing an injunction where there is no jury present—for example, in a bench trial or at default judgment. See, e.g., Baker v. Kuritzky, 95 F. Supp. 3d 52, 58-60 (D. Mass. 2015) (issuing permanent injunction in defamation case at default judgment stage). Nor is the court precluded from making its own findings because a jury found defamation but did not identify which statements were defamatory. In McCarthy v. Fuller, the Seventh Circuit Court of Appeals faced a similar situation: a jury found defamation, but did not make a finding as to which particular statements were defamatory. 810 F.3d 456. The court remanded the case for factual findings because the district judge, in issuing an injunction, did not make factual findings and instead simply "accepted the plaintiffs' formulation of the injunction." Id. at 463. The court explained that the "judge could have based the injunction on his own assessment of the evidence, since the issuance of an injunction is the responsibility of the trial judge rather than of the jury." Id.

---

[1] The analysis is similar under the Massachusetts Declaration of Rights. See Care & Prot. of Edith, 659 N.E.2d 1174, 1176 (Mass. 1996) (noting that the constitutional analysis under the Massachusetts Declaration of Rights is not "significantly different" from that under the First Amendment).

Defendants seek to distinguish McCarthy on the ground that the defendants there had failed to make a timely objection, while Defendants are now objecting. Defendants' argument is unavailing. Defendants were on notice from the complaint that Plaintiff sought an injunction. They did not ask for special verdict questions as to each individual statement and did not otherwise seek to submit the issue to the jury. Under Federal Rule of Civil Procedure 49(a)(3), a "party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury unless, before the jury retires, the party demands its submission to the jury. If the party does not demand submission, the court may make a finding on the issue." Accordingly, their objection is untimely, and the court may make the necessary factual findings.

To be sure, it may have been sound trial strategy for defense counsel *not* to ask the jury to find which particular statements were defamatory. To do so might have encouraged the jury to focus on the number of defamatory statements, and that may have resulted in a higher damages award. In any event, Defendants' right to have a jury decide which particular statements were defamatory was waived. At bottom, issuing an injunction is the responsibility of this court, and this court can—and will—make the necessary factual findings.

August 18, 2016                                                                 /s/ Indira Talwani
                                                                                United States District Judge