UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HAYAT SINDI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-10798-IT |
| | * | |
| SAMIA EL-MOSLIMANY and ANN | * | |
| EL-MOSLIMANY, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & PERMANENT INJUNCTION

August 18, 2016

TALWANI, D.J.

Before the court is Plaintiff Hayat Sindi's Motion for Permanent Injunction [#202].

Sindi's motion is ALLOWED as set forth in detail below.

This court may issue a permanent injunction where "(1) the plaintiff has prevailed on the

merits, (2) the plaintiff would suffer irreparable injury in the absence of injunctive relief, (3) the

harm to the plaintiff would outweigh the harm to the defendants from an injunction, and (4) the

injunction would not adversely affect the public interest." Joyce v. Town of Dennis, 720 F.3d 12,

25 (1st Cir. 2016). Sindi has demonstrated that she is entitled to a permanent injunction.

Defendants Samia El-Moslimany and Ann El-Moslimany have waged a five-year

campaign to injure Sindi. Following a seven day trial, the jury found that Samia El-Moslimany

and Ann El-Moslimany defamed Sindi, intentionally inflicted emotional distress, and

intentionally interfered with her contractual and prospective business relations. Specifically as to

defamation, the jury found that Samia El-Moslimany and Ann El-Moslimany made false

statements concerning Sindi with reckless disregard as to truth or falsity. The jury awarded Sindi

a total of $3,500,000 in damages. The court, in turn, finds that numerous statements that were the subject of this action, including but not limited to those listed below, are false and defamatory. Indeed, as to the statements identified below, while Sindi put forth evidence as to their falsity, Samia El-Moslimany and Ann El-Moslimany offered no reliable evidence supporting their claim that the statements are true. The court therefore finds that Sindi has prevailed on the merits.

Sindi has further shown irreparable harm. Samia El-Moslimany and Ann El-Moslimany continued their libelous campaign even up to the night before trial began. See Tr. Ex. 165 (A. El-Moslimany July 10, 2016 Facebook Post). At trial, both admitted under oath that they intended to continue their defamatory campaign in the future. See Tr. Testimony (S. El-Moslimany; A. El-Moslimany). Even following a jury award of $3,500,000 in damages, Samia El-Moslimany's and Ann El-Moslimany's opposition to the motion for permanent injunction speaks only to their purported right to make the statements and the court's purported lack of authority to enjoin the conduct, but offers no assurances that they will voluntarily stop their tortious conduct. The court concludes that absent a permanent injunction, Samia El-Moslimany and Ann El-Moslimany would likely continue to seek to injure Hayat Sindi. See, e.g., Baker v. Kuritzky, 95 F. Supp. 3d 52, 58 (D. Mass. 2015) (concluding that ongoing libelous statements would cause the plaintiff irreparable harm).

The balance of harms favors Hayat Sindi. As narrowly drawn by this court, Samia El-Moslimany and Ann El-Moslimany would suffer no harm based on a permanent injunction because they have "no interest in making libelous statements." Id.

Finally, because there "is no constitutional value in false statements of fact," the public interest will not be harmed by this injunction, narrowly drawn to prohibit Samia El-Moslimany and Ann El-Moslimany from making only false statements of facts. Gertz v. Robert Welch, Inc.,

418 U.S. 323, 340 (1974).

Accordingly, the court ORDERS THAT Defendants Samia El-Moslimany and Ann El-Moslimany are hereby enjoined from repeating—orally, in writing, through direct electronic communications, or by directing others to websites or blogs reprinting Samia El-Moslimany's or Ann El-Moslimany's letters and comments—the statements:

1. That Hayat Sindi is an academic and scientific fraud;

2. That Sindi received awards meant for young scholars or other youth by lying about her age;

3. That Sindi was fraudulently awarded her PhD;

4. That Sindi did not conduct the research and writing of her dissertation;

5. That Sindi's dissertation was "ghost researched" and "ghost written";

6. That Sindi's role in the founding of Diagnostics For All was non-existent, and that Sindi did not head the team of six people that won the MIT Entrepreneurship Competition.

IT IS SO ORDERED.

August 18, 2016                                                 /s/ Indira Talwani
                                                               United States District Judge